## LINK et v KURITSKY et

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9297. Decided October 7, 1929

H. J. McGinness, Esq., Cleveland, for Link et.

Messrs. Davis, Hartstein & Cole, Cleveland, for Kuritsky et.

**VICKERY, PJ.**

It is claimed, and the basis of this action by the plaintiff below was, that when the goods had been sold November 5th, an arrangement was entered into whereby for $235 Link would release the plaintiff from further obligations on the store and would re-pay Three Hundred Dollars · which he had been paid in advance. It is claimed, I think, and the proof shows, that the plaintiff vacated the store and Link took possession of it and gave it over to some-one else, either for rent or otherwise. Link apparently had control of it, so that it could be used for the storing of Christ-mas trees. The record shows that he received something like Twenty-five Dollars for it; but that does not make much differ-ence. He apparently assumed control of the store and the court below must have found that in order to reach its judgment.

The court· had the parties before it, heard all the evidence and found that the agreement between the plaintiff and de-fendant had been entered into and had been acted upon; that the store had been surrendered; that the landlord had taken possession; that the promise to repay the money was made, and so he entered up a judgment for that amount of money.

Now it is claimed that such a promise was within the statute of frauds, and, it being verbal, would be unavailing. This might be so if the defendant had retained the property and had not, as a matter of fact, surrendered possession to the plaintiff.

In other, words, if the contract had been executory, it may have been within the statute of frauds and according to the citation of the case by the plaintiff in error that would seem to be the law; but in this case the contract had been executed on both sides and the statute of frauds never applies to executed contracts. There is no reason why it should, and so the doctrine that the plaintiff in error seeks to invoke has no application. The only questions were whether the contract was made; whether the $235 had been paid; whether the property had been vacated and whether the defendant below, the plaintiff in error here, had promised to repay the $300; and the court finding all those facts in favor of the ·plaintiff be-low, we cannot say that the finding is so manifestly against the weight of the evi-dence that we would be warranted in in-terfering.

There being no error in this record, the judgment of the court below will be affirmed.

Sullivan and Levine, JJ, concur.